W. A. WARD REALTY AND INVESTMENT CO. *v.* NEW
ENGLAND MUTUAL LIFE INSURANCE CO. *et al.*

No. 10744.    FEBRUARY 21, 1936.

*Bruce Woodruff* and *W. L. Bryan,* for plaintiff in error.

*Alston, Alston, Fosler & Moise, Jones, Powers & Williams,* and *F. E. Fuller,* contra.

PER CURIAM. Learned counsel for the plaintiff in error insist that the assignments of error presented to this court raise only two questions: (1) Was the sale properly conducted and confirmed? (2) Was the plaintiff, as trustee under the power, liable for an accounting for the difference between the sale price and the fair market value of the property? It is strongly insisted that the first question should be answered in the negative, in view of the allegations and the proof as to the unauthorized posting on the building of placards stating that the property could be either bought or leased from a named realty agency, published at the same period of time that the advertisement was running in the Fulton County Daily Report in pursuance of the court's order; and that such placarding tended to chill bidders should they attend the sale, or to keep them from attending the sale. We can not concur in this contention. The placards posted by the real-estate agency did not

raise even an implication that the sale referred to, or the lease intended, could take place until the sale advertised by the court's authority had been completed in all its details of law and fact. A conclusion that the sale mentioned in the placards posted on the building could only occur subsequently to the sale advertised under the power of sale in an instrument giving the creditor the right to sell the property would be a more reasonable conclusion to be reached by the passerby who might happen to read the cards which bore the words appearing in the statement. The mere fact that there were only a few bidders at the actual sale of the property advertised in pursuance of the judge's order, or that there were none, would not of itself, and without more, authorize the conclusion that anything had been done to deter bidders from attending the sale, or prevent those who did attend the sale from bidding. There is nothing in the record to show that any bidder was prevented from attending the sale, or that having attended the sale he was confused and placed in such doubt as that he was thereby deterred from making a bid. From what we have said it is apparent that the court did not err in confirming the sale over the objection of the plaintiff in error. Under the rulings of this court, judicial public sales, if subject to confirmation by the court, will not be set aside on such objections as have been raised in this case, but should be confirmed unless there be evidence which reasonably satifies the mind that something was done, either by one of the parties or one charged with the duty of conducting the sale, which actually damaged him who owned the property. There is nothing in the pleadings or the evidence which required the judge to vary the general rule.

The second contention of counsel for the plaintiff in error is that the New England Mutual Life Insurance Company, as trustee under the power of sale, is liable to the defendant for the difference between the sale price and the fair market value of the property. This brings us to the question, what is the true rule which will authorize the debtor to ask for an accounting, who has given to a creditor a security deed with power to sell the property conveyed, on default of the debtor to comply with conditions named in that instrument? Under previous rulings of this court the correct answer would seem to be, in a case where the power of sale was unfairly or wrongfully exercised, with the result that the debtor

would suffer injury unless an accounting were had. A prayer for an accounting will not be granted except where it appears that the power of sale has been abused and the purpose for which it was given (to have a sale regular and fair in all respects) has been thwarted. When this has been made to appear, then, and not until then, can there arise the necessity for an accounting. Where one party sells property encumbered by a security deed to another who does not assume payment of the secured debt, the grantor in the security deed, in case his vendee does not pay the debt, has no interest other than to see the indebtedness discharged; for he has already parted with his equity in excess of the debt evidenced by the security deed. Therefore when, on a sale of the property, the holder of the title under the security deed waives the right to take a deficiency judgment, the original grantor thereby receives all to which he is entitled by law, to wit, the value of his property less the equity, for which he has received an agreed compensation. The court did not err in sustaining the demurrer to the cross-action, and in entering final judgment in favor of the New England Mutual Life Insurance Company.

*Judgment affirmed. All the Justices concur.*